UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DONALD M. CARVER | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-157 |
| | ) | (NO. 2:05-CR-48) |
| UNITED STATES OF AMERICA | ) | Judge Greer |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the *pro se* motion of Donald M. Carver (hereinafter "Carver" or "petitioner"), a federal prisoner, to vacate, set aside, or correct his sentence pursuant to 28 *U.S.C.* § 2255. [Doc.2]. The United States has responded in opposition to the motion. [Doc. 6]. The matter is now ripe for disposition. The Court has determined that the files and records of the case conclusively establish that the petitioner is not entitled to relief under § 2255 and that, therefore, no evidentiary hearing is necessary. For the reasons which follow, the petitioner's motion pursuant to § 2255 lacks merit and will be DENIED.

I. **Procedural Background**

On May 10, 2005, the federal grand jury returned a two count indictment against Carver. On September 19, 2005, the defendant entered a plea of guilty to count one of the indictment which charged him with possession of a firearm and ammunition by a convicted felon. Pursuant to a negotiated plea

agreement entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C), defendant was sentenced on December 5, 2005, to a 70 month term of imprisonment and count two of the indictment, charging Carver with possession of cocaine, was dismissed. This Court ordered the 70 month sentence to be served concurrently with a previously imposed state sentence. Judgment was entered on December 15, 2005, and no direct appeal was taken by Carver. Petitioner timely filed the instant § 2255 motion on July 31, 2006.

II.     **Facts**

The uncontroverted facts in this case are set forth in an agreed factual basis filed by the parties at the time of Carver's guilty plea and in the presentence report as follows:

> On October 29, 2004, at approximately 9:32 p.m., defendant Carver was in possession of a .32 caliber Colt semi-automatic pistol. The firearm was determined to be manufactured outside the State of Tennessee and therefore affected interstate commerce.
>
> Carver was convicted on 11/15/68 in the U.S. District Court for the Eastern District of Tennessee in case No. 7031 for violations of 26 U.S.C. §§ 5180(a) and 5681(c) (bootlegging); on 01/09/74, he was convicted in U.S. District Court, ETDN case No. 18173 for violations of 18 U.S.C. § 472 (possessing, uttering, publishing counterfeit notes); he was convicted on 01/12/04 in Cocke County Criminal Court case number 7873 for sell [sic] and delivery of in excess of one-half gram of cocaine; and he was convicted on 01/12/04 in Cocke

2

>County for possession with intent to sell and deliver
>cocaine in case number 7885 and marijuana trafficking
>felonies.
>
>According to the Newport, Tennessee Police Department
>arrest report, on October 29, 2004, officers responded to
>a call concerning a red Jeep, operated by the defendant,
>that was following a green Mustang, attempting to move
>the vehicle off the roadway. As the officer approached
>the defendant's vehicle, he began revving the engine.
>The officer noticed the defendant had a strong odor of
>alcohol about his person, while requesting his drivers
>license. Defendant Carver advised he did not have a
>drivers license. A search of defendant Carver revealed a
>Marlboro cigarette pack containing cocaine in his right
>front pant pocket. In the defendant's vehicle, a loaded
>.32 caliber Colt pistol was found in the glove box.

III.    **Standard of Review**

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 *U.S.C.* § 2255   Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Greene v. Wingo*, 454 F. 2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F. 2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F. 2d at 735 (citations omitted). A motion which merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F. 2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 *U.S.C.* § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemins v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F. 3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978).

To warrant relief for a non-constitutional error requires a showing of a fundamental defect in the proceeding that resulted in a complete miscarriage of

justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064.

As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F. 2d 1073, 1081 (3rd Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly differential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* tests requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. The *Strickland* court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that court should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result. *Id.* at 697, 104 S. Ct. at 2069.

IV. **Analysis and Discussion**

Petitioner raises two claims in his petition, which he states as follows: 1) "violation of protection against double jeopardy" and 2) "Denial of effective assistance of counsel." Both claims arise from what petitioner alleges is an erroneous calculation of his criminal history category by the Court.

As an initial matter, petitioner's motion is totally without merit for a

very simple reason. The petitioner, despite his assertion that he would never have agreed to a 70 month sentence [See Doc. 3], did just that. Carver negotiated a Rule 11(c)(1)(C) plea agreement in this case which provided for a term of imprisonment of 70 months, 7 months below the low end of his 77 to 96 month advisory guidelines range. Not only did the Court accept the parties agreement as to the negotiated term of imprisonment, the Court also ordered the term of imprisonment to be served concurrently to a previously imposed state sentence.

The petitioner's assertions that he did not "understand what was going on" and that his lawyer promised him a sentence of less than five years are clearly contradicted by the record in this case and are patently false. Not only did Carver sign the plea agreement in this case, he testified, under oath, that he had read the plea agreement (or had it read to him), that he understood the terms of the plea agreement, including the agreed upon 70 month prison sentence, and that he was satisfied with his lawyer's representation of him. Carver affirmatively acknowledged during the plea colloquy that he understood that the Court would be <u>required</u> to impose a 70 month term of imprisonment if the Court accepted the plea agreement. Carver never once, during the course of these proceedings, expressed any dissatisfaction with the 70 month term of imprisonment and his one request, *i.e.* that the sentence be served concurrently with his state sentence, was granted by

the Court. A defendant is bound by his responses to the district court's inquiries where the district court has scrupulously followed the Rule 11 procedures, as the Court did in this case. *United States v. Rennick*, 219 Fed. Appx. 486, 2007 WL 738645 (C.A. 6 (Ohio)) His assertions lack credibility and are totally frivolous.

Aside from the frivolity of his contentions as set forth above, the claims made by Carver fail completely on the merits. He characterizes his grounds as "violation of protection against double jeopardy" and ineffective assistance of counsel. In reality, Carver does not raise a double jeopardy claim;[1] instead, he raises an objection to the calculation of his criminal history category in the presentence report ("PSR"). For the first time, Carver alleges that his prior convictions for drug offenses are related pursuant to USSG § 4A1.2 and that he should not have received criminal history points for both of his prior drug felony convictions. (*See* PSR, paragraphs 38 and 39). Since he did not raise this argument either before the district court or on direct appeal, he has procedurally defaulted this claim. A petitioner who has defaulted a claim and raises it for the first time in a § 2255 motion must demonstrate both "cause" for the default and prove "actual prejudice" from the error. *Bousley v. United States*, 523 U.S. 614

---

[1] In petitioner's letter to the Court [Doc. 3], the petitioner does suggest that the imposition of a three year term of supervised release after he has served his term of imprisonment in this case constitutes double jeopardy. As with Carver's other claims, this claim is also patently frivolous.

(1998); *United States v. Frady*, 456 U.S. 152 (1982).

Although not clear from his petition, Carver apparently claims ineffective assistance of counsel as "cause" for the default. Petitioner cannot, however, demonstrate that counsel was deficient because Carver is legally incorrect in his position. As the record clearly establishes, Carver was arrested for the two prior felony drug offenses on July 20, 1998, (case No. 7873) and on September 15, 1999 (case No. 7984). In between these two offenses, the petitioner was arrested on yet another drug felony charge on September 11, 1999. The sentences in cases Nos. 7873 and 7984 are not, therefore, related under the guidelines because they were separated by an intervening arrest. *See* USSG § 4A1.2, application note 3; *United States v. Wells,* 100 Fed. Appx. 440 (where prior offenses were separated by an intervening arrest, the sentences are "automatically precluded" from being considered as related.") [2] Petitioner cannot, therefore, establish cause for his default. Even if he could, he cannot establish actual prejudice resulting from the alleged error in that he was sentenced to the 70

---

[2] Carver's counsel acknowledged the intervening arrest in the sentencing memorandum filed with this Court and said "Mr. Carver does not object to the guideline calculations given the intervening arrest, but notes these disparities to assist the Court in imposing a reasonable sentence, which he believes is the 70-month incarceration term to be served concurrently with the undischarged term of imprisonment." (*See* Sentencing Memorandum, Doc. 20 in No. 2:05-CR-48 at page 2). As correctly pointed out by the government, once the intervening arrest is established it is immaterial that defendant's cases for his July and September 1999 drug offenses appear to have been consolidated in the trial court. The intervening arrest prevented the Court from considering the sentences to be related. *See United States v. Gaddie*, 51 Fed. Appx. 150, 153 (6th Cir. 2002).

month negotiated sentence called for in his Rule 11(c)(1)(C) plea agreement.

In sum, Carver has not demonstrated that his counsel was deficient in any way. In fact, petitioner's counsel was objectively reasonable and quite clearly performed within the range of competence demanded of attorneys in criminal cases.

V.     **Conclusion**

For the reasons set forth above, the Court holds that petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States and his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

Under 28 *U.S.C.* § 2253(c)(2), the Court must determine whether a certificate of appeal ability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 *U.S.C.* § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

11

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability.

A separate order will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
